UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| CHARLES ERIC WALKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:18-cv-01942-MHH-JHE |
| ANGELA MIREE, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

On January 27, 2021, the magistrate judge filed a report in which he recommended that the Court dismiss Mr. Walker's claims against the Alabama Department of Corrections with prejudice. The magistrate judge also recommended that the Court enter judgment for defendants Miree, Gordy, and Pickens on Mr. Walker's Eighth Amendment failure to protect claims. (Doc. 26). The magistrate judge advised the parties of their right to file specific written objections within 14 days. (Doc. 26, pp. 11-12). The Court has not received objections to the report.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3)

("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). Although § 636(b)(1) "does not require the [district] judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). That is because for dispositive issues, like habeas petitions, "the ultimate adjudicatory determination is reserved to the district judge." *U.S. v. Raddatz*, 447 U.S. 667, 675 (1980).

Having reviewed the materials in the court file, including the report and recommendation, the Court adopts most of the magistrate judge's report and accepts the magistrate judge's recommendation.[1] Accordingly, by separate order, the Court

---

[1] The Court does not adopt the following paragraph in the report:

> Liberally construing the amended complaint, Plaintiff appears to allege overcrowding and/or understaffing created a security hazard in the N-Dorm at Donaldson Correctional Facility. (Doc. 8 at 5). However, such conditions do not, by themselves, state a claim of constitutional proportion. Overcrowding in prisons is not *per se* unconstitutional and there are no *specific* factual allegations in the amended complaint which demonstrate conditions at Donaldson exceeded constitutional limits due to overcrowding. *See Parrish v. Alabama Dep't. of Corr.*, 156 F.3d 1128, 1129 n.1 (11th Cir. 1998) (citing *Rhodes v. Chapman*, 425 U.S. 337, 347-48 (1981) (the fact that a prison is overcrowded does not establish an extreme deprivation prohibited by the Eighth Amendment unless is leads to unconstitutional conditions in the facility)). "Similarly, there is nothing inherently wrong with having only a few staff members supervise inmates." *Laube v. Haley*, 234 F. Supp. 2d 1227, 1245 (M.D. Ala. 2002). Jail and prisons are inherently dangerous places, and a plaintiff asserting an Eighth Amendment claim must show a "strong likelihood of injury, rather than a mere possibility'" of injury. *Brooks*, 800 F.3d at 1301 (quotation marks and citation omitted).

(Doc. 26, pp. 9-10). The Court does not need to address issues concerning overcrowding to resolve the pending motion for summary judgment. The magistrate judge's analysis based on the *Hale*,

will dismiss Mr. Walker's claims against the ADOC with prejudice and the Court will enter judgment in favor of defendants Miree, Gordy, and Pickens on Mr. Walker's Eighth Amendment claim against them.

    A Final Judgment will be entered separately.

    **DONE** and **ORDERED** this February 25, 2021.

                                              _____
                                              **MADELINE HUGHES HAIKALA**
                                              UNITED STATES DISTRICT JUDGE

---

*Clark*, *Hailey*, and *Lemmons* decisions properly resolves Mr. Walker's individual capacity failure to protect claims against the individual defendants.  (Doc. 26, pp. 10-11).